Dear Mayor Chanler:
This office is in receipt of your request for an opinion of the Attorney General in regard to appointments to the Board of Directors of the North Webster Parish Industrial District in accordance with R.S.39:551.5 enacted by Act 422 of 1978. You ask, "May a `governing authority' appoint an individual to the Board of North Webster Industrial District who is not a resident of the municipality from which he was appointed?"
R.S. 39:551.5, "North Webster Parish Industrial District", provides in pertinent part as follows:
 A. The North Webster Parish Industrial District is hereby created as a political subdivision of the state and its territorial limits and jurisdiction shall extend throughout Ward Two of Webster Parish as said ward is constituted on the effective date of this Section.
 B. The governing authority of the district shall be a board of commissioners consisting of seven members, two of whom shall be appointed by the governing authority of the city of Springhill, one each to be appointed by the governing authorities of the municipalities of Cullen, Sarepta, Shongaloo and Cotton Valley, and one to be appointed by the governing authority of the parish of Webster. All members shall be bona fide residents and qualified voters within the limits of the district during their term of office and shall serve at the pleasure of the appointing authority. (Emphasis added.)
 * * * *
Although it would be reasonable to have the governing authority of each municipality in the North Webster Parish Industrial District appoint a resident of their municipality to the Board, we do not find that R.S.39:551.5 mandates that the appointment by each governing authority be a resident of their municipality. The statute merely states that all the members shall be bona fide residents and qualified voters "within the limits of the district" during their term of office and shall serve at the pleasure of the appointing authority.
Accordingly, we must conclude as long as the appointee resides within the district, which extends throughout Ward Two of Webster Parish, the appointment complies with the statute, and it is not required that they be a resident of the municipality of the governing authority by whom they are appointed. The statute would have to be amended to require that the appointee be a bona fide resident of the municipality from which appointed, rather than just a resident of the district.
We hope this sufficiently responds to your inquiry.
Very truly yours,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 BY: ____________________ BARBARA B. RUTLEDGE Assistant Attorney General
RPI/bbr
Date Released: June 14, 2002